UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
CHRISTOPHER WHITE,

             Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-2707-FB

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER J. BOWES, ESQ.
54 Cobblestone Drive
Shoreham, NY 11786

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Christopher White seeks review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. Both parties move for judgment on the pleadings. For the reasons stated below, White's motion is granted, the Commissioner's motion is denied, and the case is remanded for the calculation and payment of benefits.

I

White filed his application for benefits on June 25, 2013. He alleged that he became disabled on December 31, 2009. His application was denied, and he

1

requested a hearing before an ALJ. After the hearing, ALJ Laura Michalee Olszewski ruled that White was not disabled. The ALJ assigned White an RFC of:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the individual can sit for six hours in an eight-hour workday, stand and or walk for six hours in an eight hour workday. The individual can occasionally climb ramps and stairs but should never climb ladders and scaffolds. The individual can occasionally balance and stoop. The individual should never kneel, crouch and crawl. The individual should work in a low stress environment defined as occasional use of judgment, occasional decision-making, and occasional changes in work setting. The individual can perform simple and routine tasks. The individual can have occasional interactions with supervisors, co-workers and the public.

AR 20. The Appeals Council declined review on December 27, 2017.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If contradictions appear in the record and an ALJ fails to reasonably explain why he or she opted for one interpretation over another, the Commissioner's findings cannot stand. *See, e.g.*, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

2

## A. The Treating Physician Rule

White only challenges the ALJ's decision as it relates to his mental impairments. As relevant to those impairments, the ALJ assigned limited weight to the opinion of treating physician Dr. Erica Rapp, limited weight to the opinion of consultative examiner Dr. Erica King-Toler, little weight to the opinion of non-examining consultant Dr. M. Bongiovani, and great weight to the opinion of psychiatric consultant Dr. M. Graff. Remand is necessary here because the ALJ improperly discounted the well-supported opinion of Dr. Rapp.

The treating physician rule dictates that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). If the ALJ does not give a treating physician's opinion controlling weight, he must provide "good reasons for the weight given to [that] opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004) (internal quotation marks omitted). "The ALJ is not permitted to substitute his [or her] own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

The Second Circuit recently provided additional guidance for the treating physician rule when dealing with mental impairments:

> [D]octors who have not treated or examined a patient are generally entitled to less deference. . . . The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.

*Flynn v. Comm'r of Soc. Sec.Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

The ALJ assigned limited weight to Dr. Rapp's opinion because White's mental status examination records show normal findings and White is able to participate in activities of daily living.[1] However, this reasoning is belied by findings that White has difficulty responding appropriately to changes in the workplace, sustaining an ordinary routine without special supervision, maintaining attention and concentration for extended periods, and working with others. These limitations were not only found by Dr. Rapp, Dr. King-Toler, and Dr. Bongiovani; in fact, Dr. Graff, whose opinion was assigned great weight, found limitations in these areas as well.

Instead of valuing the long-standing relationship between Dr. Rapp and White, the ALJ relied on her own interpretation of the medical examination records

---

[1] The ALJ discounted Dr. Rapp's opinion because White is generally independent with daily activities, can travel, and can socialize, but failed to recognize that "[t]here are critical differences between activities of daily living (which one can do at his own pace when he is able) and keeping a full time job." *Moss v. Colvin*, No. 1:13-cv-731 (GHW)(MHD), 2014 WL 4631884, at *33 (S.D.N.Y. Sept. 16, 2014).

4

in stating that they showed "mostly normal findings." AR 23. While there may be normal examinations in the record, the ALJ improperly overlooks that many records also show White's difficulty maintaining concentration, "up and down" moods, poor insight, and auditory hallucinations.[2] *See Perez Garcia v. Berryhill*, No. 3:18-cv-986 (WIG), 2019 WL 2022191, at *4 (D.Conn. May 8, 2019) ("Medical records do not necessarily assess functional abilities; rather, they record, diagnose, and address symptoms, and document treatment paths. And, if the medical records in this case *did* contain functional findings inconsistent with those expressed in the opinion, the ALJ should have discussed, or at the very least cited to, them.").

Dr. Rapp has treated White the longest, putting her in the best position to properly weigh the normal examinations against the ones where White is irritable, unable to concentration, and hearing voices.[3] Any inconsistencies between Dr. Rapp and Dr. Graff should generally be weighed in favor of Dr. Rapp. Mental impairments are difficult to assess without repeated sessions that provide a full-picture of one's

---

[2] AR 349, 357, 360, 365, 392, 394, 395, 526, 527, 679, 883, 884.
[3] The ALJ notes that Dr. Rapp's opinions are internally inconsistent since "[s]he states the claimant has moderate restrictions in carrying out simple 1-2 step instructions but a marked restriction for understanding and remembering 1-2 step instructions." AR. 23. The Court does not find this to be inconsistent. Clearly the Social Security Administration believes that there is a difference as the consultants were asked about these limitations in separate questions, under separate categories. *See* AR 104, 438. The Commissioner also argues that Dr. Rapp's opinion was rendered when White was using cocaine. However, the ALJ did not find that relevant in weighing Dr. Rapp's opinion. The Court will not second-guess that decision.

5

psychiatric limitations. *See Flynn,* 729 F. App'x at 122; *See also Wagner v. Sec'y of HHS,* 906 F.2d 856, 862 (2d Cir. 1990) (while treating physician opinions are subject to attack, "a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion"); *Cabreja v. Colvin,* No. 14-CV-4658 (VSB), 2015 WL 6503824, at *30 (S.D.N.Y. Oct. 27, 2015) ("[I]t is presumed that in a conflict of views between a treating doctor and a onetime consultant, the conflict should be resolved in favor of the treating physician."). And, Dr. Graff did not review Dr. Rapp's reports. As such, Dr. Graff did not make any findings after one examination of White that this Court finds "overwhelmingly compelling" to overcome Dr. Rapp's opinion.

Remand for a benefits calculation is necessary. At the hearing, the ALJ posed a hypothetical to a vocational expert ("VE"). This hypothetical was based upon the ALJ's erroneously calculated RFC, not Dr. Rapp's opinion. The VE testified that with that RFC White would be able to work. However, a recalibrated proper RFC based upon Dr. Rapp's opinion would lead to a different employability finding. Dr. Rapp opined that White would likely be absent "more than three times per month."[4] AR. 416. When the ALJ questioned the VE regarding "an employer's tolerance for

---

[4] This finding is supported by Dr. Rapp's opinion that White is incapable of tolerating even low stress, Dr. King-Toler's opinion that White is incapable of appropriately dealing with stress, and Dr. Bongiovanni's opinion that White is incapable of completing a normal workday and workweek without interruptions from his mental impairments. AR. 395, 415, 439.

6

absenteeism," the VE responded "no more than one unexcused absence per month." AR. 86-87. Given Dr. Rapp's opinion regarding White's poor attendance and the VE's testimony that an employer would not tolerate more than one unexcused absence per month, an ALJ that gave Dr. Rapp's opinion controlling weight would find White unable to perform work in the national economy. Therefore, it would serve "no purpose" to remand for further evidentiary proceedings. *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980) (remand for benefits calculation is warranted when "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose.").

### III

White's motion is GRANTED, Commissioner's motion is DENIED. The matter is remanded solely for the calculation and payment of benefits.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 15, 2019